

The Attorney General

of Texas

Austin 11, Texas

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Hill D. Hudson
District Attorney
109th Judicial District
Pecos, Texas

Dear Sir:

Opinion No. 0-3056
Re: County Health Officer must
reside in county.

Your request for opinion has been received and carefully
considered by this department. We quote from your request as
follows:

"I have been asked by the Commissioners' Court of
Loving County to request an opinion from your office
on the following two matters.

"In the first place, Loving County is a county of very
limited population and having no resident licensed
physician within its boundaries. Evidently they have
some need of a county health officer and have sought
to make Dr. W. D.Black of Ward County, Texas, county
health officer and to pay him as such. They are not
sure that payment to him sould be legal since he does
not reside within the county. I can find no decision
wherein this question has been settled. Article 4423
of the Revised Civil Statutes of 1925 places no limita-
tion as to residence.

"The first question they desire your opinion on is:
Can Loving County legally pay a county health officer
who performs the duties of such office, when that
officer is not a resident of Loving County?"

Section 14 of Article 16, Texas Constitution, reads as follows:

"Sec. 14. All civil officers shall reside within the
State; and all district or county officers within their
districts or counties, and shall keep their offices at
such places as may be required by law; and failure to

comply with this condition shall vacate th office so held."

Article 2928, Vernon's Annotated Texas Civil Statutes of Texas, reads in part as follows:

"Neither the Secretary of State, nor any county judge of this State, nor any other authority authorized to issue certificates, shall issue any certificates of election or appointment to any person elected or appointed to any office in this State, who is not eligible to hold such office under the Constitution of this State....."

Article 4423, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The commissioners court by a majority vote in each organized county shall biennially appoint a proper person for the office of county health officer for his county, who shall hold office for two years. Said county health officer shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health; and, until such copies are so filed, said officer shall not be deemed legally qualified. Compensation of said county health officer shall be fixed by the commissioners court; provided, that no compensation or salary shall be allowed except for services actually rendered." (Underscoring ours).

Article 2351, Vernon's Annotated Texas Civil Statutes reads in part as follows:

"Each commissioners court shall:

"....

"11. Provide for the support of paupers and such idiots and lunatics as cannot be admitted into the lunatic asylum, residents of their county, who are unable to support themselves. By the term resident as used herein, is meant a person who has been a bona fide inhabitant of the county not less than six months and of the State not less than one year."

Article 4418f, Vernon's Annotated Texas Civil Statutes of Texas, reads as follows:

"It shall be lawful for the State Department of Health to accept donations and contributions, to be expended in the interest of the public health and the enforcement of public health laws. The Commissioners Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County." (Underscoring ours)

We think that a county health officer is clearly a county officer and subject to the provisions of Section 14 of Article 16 of our State Constitution. It is our further opinion that the Commissioners' Court has no authority to appoint a non-resident doctor to the office of County Health Officer.

However, we wish to point out that the Commissioners' Court has broad powers with respect to the aid of resident paupers, lunatics and idiots under subdivision 11 of Article 2351, supra, and also has broad powers with respect to the expenditure of general revenue funds of the county for and in behalf of the public health and sanitation within the county. Since Loving County does not have a resident physician within the county there could be no legally appointed de jure county health officer for said county; however, we think the Commissioners' court of Loving County would have authority to employ a non-resident physician (without appointing him County Health Officer) to give medical treatment to resident paupers, lunatics and idiots within the statute and could also employ him to perform various services they deemed necessary for and in behalf of public health and sanitation within their county, and could pay said physican for such services out of the general revenue funds of the county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

WJF:AW/cge

By  s/ Wm. J. Fanning

APPROVED FEBRUARY 3, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Wm. J. Fanning
Assistant

APPROVED OPINION COMMITTEE
By  BWB, Chairman